PD-1509-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/20/2015 4:11:34 PM
Accepted 11/20/2015 5:01:00 PM
ABEL ACOSTA
CLERK

NO. PD-_____

## In The Court of Criminal Appeals

EFRAIN LOPEZ, APPELLANT

VERSUS

THE STATE OF TEXAS, APPELLEE

On Appeal from the 179th Judicial District Court
Harris County, Texas
Trial Court Cause No. 1428270
And
The Court of Appeals for the Fourteenth Judicial District of Texas
Houston, Texas
No. 14-14-00758-CR

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

November 20, 2015

ABEL ACOSTA, CLERK

WENDELL A. ODOM JR.
TEXAS BAR # 15208500
440 LOUISIANA ST., STE 200
HOUSTON, TEXAS 77002
(713) 223-5575
(713) 224-2815 [FAX]
EMAIL: wendell@wendellodom.com

ATTORNEY FOR APPELLANT
EFRAIN LOPEZ

[ORAL ARGUMENT REQUESTED]

## Identities of Parties and Counsel

| | |
|---|---|
| **Efrain Lopez** | Appellant |
| **State of Texas** | Appellee |
| **Honorable Kristin Guiney**<br>1201 Franklin St., 18th Floor<br>Houston, Texas 77002 | Trial Court Judge<br>179th District Court<br>Harris County, TX |
| **Wendell A. Odom, Jr.**<br>440 Louisiana St., Ste 200<br>Houston, Texas 77002 | Appellate Counsel |
| **Joseph Salhab**<br>2028 Buffalo Terrace<br>Houston, Texas 77019 | Trial Counsel |
| **Devon Anderson**<br>1201 Franklin St.<br>Houston, Texas 77002 | District Attorney<br>on Appeal |
| **Traci Bennett**<br>1201 Franklin St.<br>Houston, Texas 77002 | Assistant District<br>Attorney at Trial |

i

# TABLE OF CONTENTS

PAGE

IDENTITIES OF PARTIES AND COUNSEL .................................................................... i

TABLE OF CONTENTS ............................................................................................... ii

INDEX OF AUTHORITIES ......................................................................................... iii

STATEMENT REGARDING ORAL ARGUMENT .......................................................... 2

STATEMENT OF THE CASE ........................................................................................ 2

STATEMENT OF PROCEDURAL HISTORY .................................................................. 2

STATEMENT OF RELEVANT FACTS ........................................................................... 3

GROUNDS FOR REVIEW ............................................................................................ 4

    I.      GROUND I – SHOULD TIME BE DELETED FROM THE SPEEDY TRIAL CLOCK BASED SOLELY ON THE SIGNING OF AN AGREED RESET FORM? ...................... 4

            A. IMPROPER WAIVER UNDER *CAICEDO* ........................................... 7

            B. CHALLENGE TO INCONSISTENT STANDARD UNDER *KURI* ....................... 9

    II.     GROUND II –IS A DEFENDANT AN ACCUSED FOR SPEEDY TRIAL PURPOSES WHEN HE IS INCARCERATED AND THE STATE USES THE CASE AS LEVERAGE DURING PLEA NEGOTIATIONS? ........................................................ 16

PRAYER FOR RELIEF ................................................................................................ 21

CERTIFICATE OF SERVICE ....................................................................................... 22

CERTIFICATE OF COMPLIANCE ................................................................................ 22

APPENDIX ONE – COURT'S OPINION ...................................................................... IV

APPENDIX TWO – RESET FORMS FROM CLERK'S RECORD ....................................... V

## Index of Authorities

### Cases

*Barker v. Wingo,* 407 U.S. 513 (1972).................................................4-5, 7, 13

*Caicedo v. State,* 769 S.W.2d 597 (Tex. App.—Houston[14th Dist.] 1989, no pet.) .................................................................................................. 5-8, 14-15

*Cantu v. State,* 253 S.W.3d 273 (Tex. Crim. App. 2008) ................................ 4

*Celestine v. State,* 356 S.W.3d 502 (Tex. App.—Houston[14th Dist.] 2009, no pet.) .................................................................................... 5-6, 9, 14-15

*Gonzales v. State,* 435 S.W.3d 808 (Tex. Crim. App. 2014)........................ 20

*Hardesty v. State,* 667 S.W.2d 130 (Tex. Crim. App. 1984) ....................... 16

*Johnson v. Zerbst,* 304 U.S. 458 (1938)........................................................ 7

*Knox v. State,* 934 S.W.2d 678 (Tex. Crim. App. 1996)................................ 4

*Kroll v. United States,* 433 F.2d 1282 (5th Cir. 1970)................................ 20

*McDonald v. State,* 1999 Tex. App. LEXIS 7474 (Tex. App.—Dallas 5th Dist.] 1999, no pet.)........................................................................................... 9

*Robinson v. State,* 2014 Tex. App. LEXIS 1969 (Tex. App.—Houston[1st Dist.] 2014, pet ref'd) ........................................................................................ 9

*Shaw v. State,* 2002 Tex. App. LEXIS 5666, 4 (Tex. App.—Texarkana[6th Dist.] 2002, no pet.)................................................................................... 9, 11

*State v. Kuri,* 846 S.W.2d 459 (Tex. App.—Houston[14th Dist.] 1993, pet ref'd) ................................................................................ 5-6, 9, 11-12, 14-15

*United States v. Marion,* 404 U.S. 307 (1971)............................... 16, 18, 20

iii

NO. PD-_____

In The Court of Criminal Appeals

EFRAIN LOPEZ, APPELLANT

VERSUS

THE STATE OF TEXAS, APPELLEE

On Appeal from the 179th Judicial District Court
Harris County, Texas
Trial Court Cause No. 1428270
And
The Court of Appeals for the Fourteenth Judicial District of Texas
Houston, Texas
No. 14-14-00758-CR

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Comes Now, **Efrain Lopez**, Petitioner, in the above styled and numbered cause and respectfully urges this Court to grant discretionary review of the above named cause, pursuant to the rules of appellate procedures.

1

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner requests oral argument. The issues raised on appeal are fact intensive and involve complicated areas of federal and state law. Oral argument would be helpful to the Court and parties in explaining the issues raised and answering any questions or concerns from the Court.

## STATEMENT OF THE CASE

Appellant was charged with capital murder in violation of Texas Penal Code § 19.03. Appellant was incarcerated for eight years and nine months awaiting trial. On September 8, 2014, a jury found Appellant guilty, and the Trial Court sentenced Appellant to life in prison without the possibility of parole. The Court of Appeals for the Fourteenth Judicial District of Texas affirmed his conviction, holding that there was no need to conduct a *Barker* analysis because Appellant did not meet the threshold of time where prejudice is presumed.

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals for the Fourteenth Judicial District of Texas affirmed the trial court's judgment on October 22, 2015 in an unpublished opinion. *Lopez v. State,* Appellate Number 14-14-00758-CR. This petition for discretionary review is timely if filed by November 20, 2015. See Tex. R. App. P. 68.2(a), (c).

2

## STATEMENT OF RELEVANT FACTS

On December 16, 2005, Mr. Lopez was arrested for aggravated assault (III R.R. at 4-5, 26). Around the same time as his arrest, Mr. Lopez was charged with capital murder regarding an incident that happened off of Bunker Hill Road in Houston, Texas [hereinafter Bunker Hill case] (III R.R. at 5). Mr. Lopez received no bond on this charge (I C.R. at 162). After six years and seven months in the Harris County jail, Mr. Lopez was indicted for the capital murder before this Court that occurred off of Loma Vista Lane [hereinafter Loma Vista case] (I C.R. at 11). This indictment was filed on May 11, 2011 (I C.R. at 11).

On October 31, 2013, Mr. Lopez filed a Pro Se Motion for Speedy Trial (I C.R. at 157). On December 19, 2013, Mr. Lopez filed a Pro Se Motion to Dismiss the Indictment for Denial of a Speedy Trial (I C.R. at 196). On August 29, 2014, the Trial Court heard Appellant's Motion to Dismiss the Indictment for Denial of a Speedy Trial (*See* III R.R.). The Trial Court denied Mr. Lopez's Motions (III R.R. at 40-41).

## GROUNDS FOR REVIEW

1. SHOULD TIME BE DELETED FROM THE SPEEDY TRIAL CLOCK BASED SOLELY ON THE SIGNING OF AN AGREED RESET FORM?

2. IS APPELLANT AN ACCUSED FOR SPEEDY TRIAL PURPOSES WHEN HE IS INCARCERATED AND THE STATE USES THE CASE AS LEVERAGE IN PLEA NEGOTIATIONS?

## ARGUMENT

**1. Should time be deleted from the speedy trial clock based solely on the signing of an agreed reset form?**

*A. The Rule of Law*

When a defendant claims that the State has violated his right to a speedy trial, courts determine the presence of a violation using the analysis set forth in *Barker v. Wingo*. The first step in a *Barker* analysis is to determine whether the length of delay is sufficient to be found presumptively prejudicial. *Cantu v. State,* 253 S.W.3d 273, 281 (Tex. Crim. App. 2008). In Texas, most courts have found a delay of eight months or more to meet that standard. *Knox v. State,* 934 S.W.2d 678, 681 (Tex. Crim. App. 1996).

It is only when the delay has met this threshold of presumptive prejudice that courts must conduct an analysis of the defendant's speedy trial right by weighing the four factors established in *Barker* – 1) Length of Delay, 2)

4

Reason for Delay, 3) Assertion of Right, and 4) Prejudice to Defendant. *Barker v. Wingo,* 407 U.S. 513, 530 (1972).

In making the presumptive prejudice determination, the 14th Court of Appeals ruled that all time that is covered by agreed resets is not to be considered in the speedy trial analysis. Court's Opinion at 9. Put differently, if an agreed reset is signed at every court setting there would be no time on the speedy trial clock at the conclusion of the case. In that very common situation, a defendant will have effectively waived any right to a full *Barker* analysis under Texas law by merely signing reset forms as mandated by criminal courts. The Court of Appeals relies on their decisions in *Kuri* and *Celestine* to support this ruling.

It is important to note that the Court of Appeals did not state that they agreed with the logic set forth in *Celestine* and *Kuri,* but rather, stated that they are unable to change established law unless the entire court is empaneled or the law conflicts with an opinion delivered by the Texas Court of Criminal Appeals. Court's Opinion at 9.

### B. *The History of Kuri and Celestine*

The 14th Court of Appeals delivered opinions in three cases relevant to this issue – *Caicedo, Kuri,* and *Celestine. Caicedo v. State,* 769 S.W.2d 597 (Tex. App.—Houston[14th Dist.] 1989, no pet.*); State v. Kuri,* 846 S.W.2d

459 (Tex. App.—Houston[14th Dist.] 1993, pet ref'd); *Celestine v. State*, 356 S.W.3d 502 (Tex. App.—Houston[14th Dist.] 2009, no pet.). In *Caicedo*, the Court of Appeals found that a defendant waived his right to a speedy trial if he agreed to reset his case for the duration of the speedy trial clock. *Caicedo*, at 598. In *Kuri*, the Court of Appeals revisited the impact agreed resets have on the speedy trial clock. In the *Kuri* opinion the Court stepped away from the waiver language used in *Caicedo* stating that agreed resets "are inconsistent with assertion of a speedy trial right, and the delay covered by such resets should not be included in speedy trial computations." *Kuri*, at 464. The Court cited *Caicedo* in support of that quotation. Lastly, in *Celestine*, the Court reiterated the "inconsistent" standard set out in *Kuri* and found that the defendant did not meet the presumptive prejudice threshold because he had agreed to resets with the State for much of the speedy trial time. *See Celestine*.

It is not clear whether the 14th Court of Appeals views the signing of an agreed reset as a waiver of a Constitutional right as in *Caicedo* or merely "inconsistent" with the assertion of the speedy trial right such that the time should not be included in the analysis as in *Kuri* and *Celestine*. Given the state of the law in the 14th Court of Appeals, argument will be made under both legal standards.

6

## C. *Improper Waiver under Caicedo*

The State has the burden to show that a defendant has knowingly, intelligently, and voluntarily waived a fundamental Constitutional right. *Johnson v. Zerbst,* 304 U.S. 458, 464 (1938). The Court will indulge in every reasonable presumption against finding a waiver of a defendant's Constitutional rights. *Id.* The right to a speedy trial under the sixth amendment of the United States Constitution is a fundamental right guaranteed to all criminal defendants. *Barker v. Wingo,* 407 U.S. 514, 525 (1972). Thus, to argue a waiver of Appellant's speedy trial right, the State must prove from the record a knowing, intelligent, and voluntary waiver from Appellant.

A review of the record will show that there was no evidence before the trial court that would indicate that Appellant made a knowing, intelligent, and voluntary waiver of his right to a speedy trial. The reset forms themselves do not contain any mention of the speedy trial right. There was no admonishment from the trial court notifying Appellant of the consequences of signing the agreed reset forms. Further, there was no testimony before the trial court at any stage of the proceedings that goes toward a knowing, intelligent, and voluntary waiver of the speedy trial right by Appellant.

7

It is hard to understand how the logical reasoning in *Caicedo* can be the basis for the standard that an agreed reset will delete time from the speedy trial clock. Federal and state law has mandated for decades that an effective waiver of a Constitutional right must be made knowingly, intelligently and voluntarily by a defendant. It has become the hallmark in protecting Constitutional rights for criminal defendants in both the state and federal systems of justice.

Each and every Constitutional right can be waived by a criminal defendant, but that waiver must always meet the standards set forth above. This is true for the right to a jury trial, right to counsel, and right against self-incrimination. There is no legal basis to make an exception for the right to speedy trial.

If signing an agreed reset is a waiver of the right to speedy trial then the record must reflect that the defendant was made aware of his right to a speedy trial, was intelligent in that knowledge, and knew that by signing the agreed reset he was waiving that right. Without that showing, a defendant cannot be deemed to have waived their Constitutional right to a speedy trial contrary to the plain language of the opinion in *Caicedo*.

D. *Evidence must be placed on the record that shows that the signing of the agreed reset is truly inconsistent with the assertion of the right to a speedy trial.*

The 14th Court of Appeals in *Celestine* and *Kuri* held that agreed resets "are inconsistent with assertion of a speedy trial right, and the delay covered by such resets should not be included in speedy trial computations." *Kuri,* at 464; *Celestine,* at 507. This law has set a precedent in the Courts of Appeals throughout Texas that any agreed reset form found in the Clerk's Record will remove time from the speedy trial clock. *See Robinson v. State,* 2014 Tex. App. LEXIS 1969, 12 (Tex. App.—Houston[1st Dist.] 2014, pet ref'd); *Shaw v. State,* 2002 Tex. App. LEXIS 5666, 4 (Tex. App.—Texarkana[6th Dist.] 2002, no pet.); *McDonald v. State,* 1999 Tex. App. LEXIS 7474 (Tex. App.—Dallas 5th Dist.] 1999, no pet.). This is a standard that fails to understand how criminal dockets work, and risks removing time from the speedy trial clock when the signing of the form is not inconsistent with the assertion of the right to a speedy trial.

In Harris County, and in counties throughout the State, a criminal defendant is not able to get a criminal trial immediately. There are various reasons for this including overcrowded dockets, prosecutors not being ready for trial, ongoing discovery, missing State witnesses, the defense not being ready for trial, holidays, certain cases taking priority in the trial court, the

9

trial court judge not wishing to try a case that week, and not having a jury ready to hear the case. With these dynamics at work, criminal cases will be reset numerous times, especially felonies, regardless of whether the criminal defendant wishes to go to trial.

When a criminal defendant's case is reset to another date for any of the reasons above, he will have to sign a reset form. Some of these reset forms contain language that the parties agree to the setting, while others simply state notice of a setting. The name of the form changes with particular trial courts, time periods and counties, but these changes in title have nothing to do with the reason for the reset. In the 179th District Court of Harris County, Texas, the forms used will have some sort of "agreement" language in the title (I C.R. at 13-21, 31, 52, 56-57, 97-98, 108, 616).

If the criminal defendant is unable to resolve his case by pleading guilty or going to trial on any particular court date, he will be signing the court assigned reset from, whether agreed to or not, in order to obtain another setting. This is true regardless of the reason for the reset or whether the defendant had agreed to anything with the State or trial court. Further, a criminal defendant is not given a choice in this matter. Signing the form for your next setting is mandatory as a matter of course, and at least in some courts, as proof that the defendant is present and not in violation of his bond.

10

The 6th Court of Appeals in Texarkana sheds some additional light on the state of the law regarding the right to speedy trial and reset forms. *Shaw v. State*, 2002 Tex. App. LEXIS 5666, 4 (Tex. App.—Texarkana[6th Dist.] 2002, no pet.). In *Shaw*, the State, citing *Kuri*, argued that 10 separate notice setting forms signed by the defendant and his counsel were inconsistent with the assertion of the speedy trial right, and thus, that time should be excluded from the speedy trial analysis. *Shaw*, at 4-5. The Court of Appeals refused to delete that time from the analysis. *Id.* at 5-6. They reasoned that there was no evidence that the defendant had agreed to get a new setting or that the notice setting forms signed by the defendant were inconsistent with the assertion of the speedy trial right. *Id.*

Comparing *Kuri* and *Shaw* highlights the huge emphasis the Courts of Appeals are placing on superfluous agreement language in the title of the forms; when in actuality the title of the form has nothing to do with the nature of the reset. The forms in *Shaw*, *Kuri,* and Appellant's case are one and the same. They are all forms signed by the parties in order to obtain a new court date because the case is yet to be resolved. If Appellant was indicted in the same court as the defendant in *Shaw*, all of the time covered by resets would likely be included in the speedy trial analysis. Not because Appellant would have been less inconsistent with his assertion of a speedy

11

trial right, but because Appellant would have signed a form that the trial court chose to give a different title.

A review of the Clerk's Record in this case further shows the 14th Court of Appeal's emphasis on the agreed language. Three of the forms in the record are silent as to the reason for the reset or who requested that the case be reset (I C.R. at 57, 98, 108). One of the reset forms clearly states that the case has been reset because the State chief prosecutor was not in court (I C.R. at 31). Another reset form states that the trial court requested that the case be reset to another day (I C.R. at 97). Additionally, two of the reset forms on the record are not signed by Appellant (I C.R. at 98, 616).

Regardless of the reason for the reset or the presence of Appellant's signature on the form, the Court of Appeals viewed these forms the exact same way and deleted the covered time from the speedy trial clock. It appears that the 14th Court of Appeals looks for the word agreed on the form, and ends its findings at that point. When we are dealing with the potential waiver of a Constitutional right, a more thorough review should be conducted to discern whether the case resets are truly inconsistent with the assertion of the speedy trial right.

Under the 14th Court of Appeals interpretation of *Kuri*, a defendant could have been demanding a trial at each and every setting from arraignment to

trial and it would go entirely unnoticed by the trial court or the courts of appeals. This is true, because no matter what his position was in demanding a trial he would leave the court room with a signed reset as a matter of course. That defendant could go through this process for 10 years, and he would still fail to meet the presumptively prejudicial threshold in a *Barker* analysis; because the Court assumes, wrongly in some cases, that the existence of a reset form with agreement language in the clerk's file is inconsistent with the assertion of the speedy trial right.

### i. Conclusion

Appellant does not argue that actions taken by a criminal defendant that are inconsistent with the assertion of the speedy trial right may not be used to remove time in the speedy trial clock. Appellant's argument is that given the reality of criminal trial courts, the existence of an "agreed reset" in the clerk's file does not per se show an inconsistency sufficient to delete time from the speedy trial clock.

It should be incumbent upon the State to put forward evidence in the hearing on the Motion for Speedy Trial that the resets were caused by actions from the defendant that are truly inconsistent with the assertion of his speedy trial right. Without this evidence, reviewing courts are left to

assume key facts that ultimately result in a criminal defendant's waiver of his Constitutional right to a speedy trial.

This area of the law needs clarification by the Court of Criminal Appeals. The 14th Court of Appeals started the line of cases in *Caicedo*. Then in *Kuri* and *Celestine*, the same court changed its reasoning to arrive at the same conclusion. Now other intermediate courts are attempting to apply the unclear standard set out in *Kuri* to cases in their districts. The Court of Criminal Appeals has never cited to *Caicedo* or *Kuri* in their opinions on a speedy trial issue nor addressed this area of the law.

Clarification is needed for Texas judges and the Texas bar on three major issues: 1) what is the reasoning behind the *Caicedo* line of cases – waiver of a Constitutional right or the "inconsistent" reasoning in *Kuri*, 2) what defines an agreed reset (defendant's signature on a reset form, word "agreed" on the form, defendant's attorneys signature), and 3) if the rationale is in line with the "inconsistent" reasoning in *Kuri*, whether an agreed reset is per se inconsistent with the assertion of the speedy trial right such that no additional showing must be made by the State to delete time from the speedy trial clock.

Thousands of reset forms are signed by criminal defendant's and defense attorneys across this State every single day. Clarification is needed to aid

14

the defense bar in advising their clients, and Texas judges in ruling on Motions for Speedy Trial.

*E. Overall Conclusion*

*Caicedo* was the original case on this issue which created the foundation for the opinions in *Celestine* and *Kuri*. Though the logical reasoning and precedent seemed to move from waiver to inconsistency in those opinions, the result is still the same. Criminal defendants are waiving their right to a speedy trial by signing reset forms as their case works its way through the judicial system. This waiver is done unbeknownst to the defendant, and likely, to their attorneys as well. It is only when the defendant becomes an Appellant that he understands the impact that his signature on a reset form has had on his Constitutional rights.

These waivers of an important Constitutional right need to be addressed by the Court of Criminal Appeals. This area of the law is murky at best, and an admonishment from the trial court or speedy trial language on the reset form itself would provide much needed clarification. It would provide a defendant with knowledge of his rights, and inform him that by signing the reset form he will not be able to complain about that time period in any speedy trial claim. It would bring this area of law in line with federal and

15

state law regarding the waiver of Constitutional rights. More importantly, it would provide a bright line rule for all courts to follow.

**2. Is a defendant an accused for speedy trial purposes when he is incarcerated and the State uses the case as leverage during plea negotiations?**

A. *Rule of Law*

The length of the delay in a speedy trial analysis runs from the time that a defendant is arrested or charged to the date in which the defendant receives his trial. *United States v. Marion,* 404 U.S. 307, 320 (1971). When no indictment is filed, the Sixth Amendment right to speedy trial attaches when a person is "an accused." *Id.* One is accused when his liberty is restrained and he is held to answer to criminal charges. *Id.*

B. *Court's Opinion*

The 14th Court of Appeals ruled that the record does not establish that appellant became an accused for the Loma Vista case prior to his indictment in May of 2011. Court's Opinion at 7. In making that determination the court of appeals noted this Court's opinion in *Hardesty*, which states that only evidence that was before the trial court before their ruling was made will be considered on appellate review. *Hardesty v. State,* 667 S.W.2d 130, 133 n.6 (Tex. Crim. App. 1984). Under *Hardesty*, the 14th Court of Appeals noted that the only piece of evidence that went to Appellant being "an

accused" prior to his indictment was a search warrant executed in December of 2005 which related entirely to the Loma Vista case.

C. *Appellant was accused prior to indictment in May of 2011*

The question before the trial court and the 14th Court of Appeals was to answer when Appellant had his liberty restrained and was held to answer for the Loma Vista criminal charges. Appellant's position was, and still is, that Appellant was incarcerated and held to answer to those criminal charges prior to his indictment in May of 2011.

The facts before the trial court prior to its ruling on Appellant's Motion to Dismiss Indictment for Denial of a Speedy Trial were as follows:

1. The search warrant that was executed in December of 2005 related exclusively to the Loma Vista case (III R.R. at 24).

2. The search warrant contained information given by the affiant, Alejandro Garcia. Alejandro Garcia was the co-defendant in the Loma Vista case (III R.R. at 24-25).

3. The prosecutor from May of 2009 to December of 2011, Spence Graham, held the Loma Vista case over Appellant's head like a hammer (III R.R. at 24).

4. Mr. Graham used the Loma Vista case as a plea bargaining tool — stating that he would not indict the Loma Vista case if Appellant

would testify against another defendant in a separate capital murder (*See* III R.R.) (hearing on Appellant's Motion to Dismiss Indictment for Denial of a Speedy Trial).

All of these facts illustrate the State's investigation into, and use of, the Loma Vista case prior to Appellant's indictment in May of 2011.

The 14th Court of Appeals failed to address in their opinion key pieces of evidence in the hearing on Appellant's Motion to Dismiss the Indictment for Denial of a Speedy Trial. Notably, how the State's use of the Loma Vista case in plea negotiations against an incarcerated defendant impacted their decision.

It is hard to imagine an argument that Appellant was not being held for the Loma Vista case when the case is being hung over Appellant's head as a tool to force cooperation in another State prosecution. It was apparent to the State and to Appellant that Loma Vista was an indictable case that the State was choosing not to indict in hopes of obtaining evidence in another trial.

In *Marion,* Justice Douglas stated that "the duty to which the 6th amendment places on government officials to proceed expeditiously with criminal prosecutions would have little meaning if those same officials could determine when that duty was to commence." *United States v. Marion,* 404

U.S. 307, 331-32 (1971) (Justice Douglas concurrence). This realization from Justice Douglas speaks strongly to the facts in this case. The State held onto a case for over six years. They used that case in plea negotiations, notifying Appellant that the only reason it had not been indicted is because they were waiting for his cooperation. Then the State chose to indict the case. Once the case reaches the appellate courts, the State argues that the speedy trial clock did not start until indictment. Put differently, the State argues that Appellant was not incarcerated and being held to answer for the Loma Vista case until May of 2011 when they chose to take the case to the grand jury.

It is hard to understand this logic. The State cannot have it both ways – hold the case over a defendant's head during plea negotiations and then state that he is not being held for that charge on appeal. Under the facts before the trial court, it is apparent that the State was holding Appellant for the Loma Vista case as well as Bunker Hill. The State's choice to hold off on indictment does not change that fact.

### D. *Conclusion*

Appellant was an accused in this case at the very least in May of 2009 when the acting prosecutor admitted to using the Loma Vista case as a plea bargaining tool to obtain cooperation from Appellant.

19

The issue of defining when someone is accused under Texas state law is an issue of first impression under the facts in this case. There are numerous cases involving a defendant arguing to add pre-indictment time to a speedy trial clock while under investigation for a crime. *Gonzales v. State,* 435 S.W.3d 808 (Tex. Crim. App. 2014); *Kroll v. United States,* 433 F.2d 1282 (5th Cir. 1970); *Marion v. United States,* 404 U.S. 307 (1971). In all of those cases the defendant is not incarcerated and is not involved in another criminal proceeding. The facts in this case simply do not fall under the reasoning in those cases because those defendants were not being held in state custody prior to indictment. This distinction is important as each and every right that the speedy trial clause is stated to protect is heightened when a criminal defendant is in the State's custody – freedom from oppressive pretrial incarceration, mitigation of anxiety accompanying public accusation, and avoidance of impairing a defense to the charges.

The law under *Marion* states that a person can become accused prior to a formal indictment. This Court, and federal courts, have given concrete rules about this threshold when a person has not been indicted and is not in the custody of the State. However, no court has provided guidance on when the speedy trial clock starts when an individual is in custody and the State

chooses to not indict the case. No court has addressed what actions from the State will start the speedy trial clock under those circumstances.

When the State holds a criminal defendant in custody with no bond, chooses to not indict the case, and holds the case out as leverage in plea bargains, the criminal defendant is being held to answer for that charge. Under those facts, Appellant was an accused prior to his indictment in May of 2011, contrary to the opinion delivered by the 14th Court of Appeals.

## PRAYER FOR RELIEF

For the reasons herein alleged, Petitioner respectfully requests this Court grant discretionary review of the lower court's opinion and grant oral argument.

Respectfully submitted,

WENDELL A. ODOM, JR.
State Bar No. 15208500
440 Louisiana Street, Suite 200
Houston, Texas 77002
(713) 223-5575
(713) 224-2815 fax

21

## CERTIFICATE OF COMPLIANCE WITH TRAP 9.4

I hereby certify that this Petition for Discretionary Review complies with Texas Rule of Appellate Procedure 9.4 in that it is written in 14 point font, Times New Roman, and contains 4,296 words.

WENDELL ODOM, JR.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Petition for Discretionary Review was served on the Assistant Criminal District Attorney and the State Attorney by electronic transmission On November 20, 2015.

WENDELL ODOM, JR.

# APPENDIX ONE
# LOWER COURT OPINION
# 14TH JUDICIAL DISTRICT

**Affirmed and Opinion filed October 22, 2015.**



In The

## Fourteenth Court of Appeals

---

NO. 14-14-00758-CR

---

**EFRAIN LOPEZ, Appellant**

V.

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 1428270**

---

## O P I N I O N

A jury convicted appellant Efrain Lopez of capital murder and assessed his punishment at life imprisonment. *See* Tex. Penal Code Ann. § 19.03(a)(2) (Vernon Supp. 2014). Appellant contends that the trial court committed reversible error by (1) denying appellant's motion to dismiss the case for failure to provide a speedy trial; and (2) admitting an allegedly prejudicial photograph of appellant into evidence.

## BACKGROUND

Appellant and three other men entered the home of Guadalupe Sepulveda on September 12, 2005, and stole jewelry, guns, marijuana, and cocaine. Sepulveda was wounded by gunfire during the incident and his brother, Daniel Zamora, was killed. Appellant and the three other men wore black clothes and gloves, and covered their faces. This incident, which forms the basis of appellant's conviction below, is referred to as the "Loma Vista" case because it occurred at 6401 Loma Vista Street.[1]

On December 16, 2005, appellant was arrested for an unrelated aggravated assault. A day after his arrest, appellant was indicted for a capital murder committed on Bunker Hill Road (the "Bunker Hill" case).[2] Appellant was represented by attorney Gerald Fry in the Bunker Hill case. Both the Bunker Hill case and the Loma Vista case were linked to the La Tercera Crips gang.

Appellant remained incarcerated from 2005 to 2011 pending trials in the aggravated assault and Bunker Hill cases. Appellant was indicted in the Loma Vista case on May 11, 2011. Joseph Salhab was appointed to represent appellant in the Loma Vista case on June 14, 2011.

Appellant filed a *pro se* motion for speedy trial on October 31, 2013, in which he contended that he was ready for trial in both the Bunker Hill and Loma Vista cases at all times. In an apparent reference to the Bunker Hill case, appellant

---

[1] The Loma Vista case originally was filed as Cause No. 1305940, and, upon reindictment, as Cause No. 1428270. Appellant was reindicted for the Loma Vista murder on May 9, 2014, to correct a mistake made in the original indictment. Originally, the indictment alleged that appellant caused the death of Zamora while in the course of committing and attempting to commit the robbery of Zamora. The new indictment alleged that appellant caused the death of Zamora in the course of committing and attempting to commit the robbery of Sepulveda.

[2] The Bunker Hill case was filed under Cause No. 1050629, and was still pending at the time appellant was convicted of the Loma Vista capital murder.

2

argued that his right to a speedy trial "began upon his arrest approximately three months prior to return of indictment." Before this motion was filed, however, appellant and Salhab signed eleven agreed resets in the Loma Vista case between June 14, 2011, and September 6, 2013,[3] with the final one setting the case for disposition on February 5, 2014.

Appellant filed a *pro se* motion to dismiss the indictment in the Loma Vista case for denial of a speedy trial on December 19, 2013. Appellant alleged that he was arrested for the Loma Vista case twice: first on October 10, 2005, after which he was released following a 24-hour hold, and again on December 16, 2005. Appellant argued that the delay could not be attributed to him or his counsel. Appellant further argued that the delay caused him to suffer oppressive pre-trial incarceration and anxiety, and compromised his ability to present his case due to lost evidence and unavailable witnesses.

Six agreed resets occurred in the Loma Vista case between February 5, 2014, and June 30, 2014, with the final one setting a trial date of August 29, 2014. Salhab filed a motion on August 29, 2014, to dismiss the Loma Vista indictment for failure to provide a speedy trial in which he adopted appellant's October and

---

[3] A twelfth agreed reset entered on January 24, 2013, and resetting the case for disposition on September 6, 2013, is not evidenced by a reset form in the record on appeal. However, the record includes the trial court's docket sheet, which reflects a January 24, 2013 entry stating "Reset By Agreement Of Both Parties, 9/06/2013 09:00 AM Disposition." The State asserts that "from December 13, 2011 until the day of trial, defense counsel had signed agreed resets," and appellant does not dispute this contention. We conclude that the record supports the existence of the January 24, 2013 agreed reset. *See Zamorano v. State*, 84 S.W.3d 543, 650 (Tex. Crim. App. 2002) (noting that the docket sheet reflected 22 resets); *McIntosh v. State*, 307 S.W.3d 360, 368 (Tex. App.—San Antonio 2009, pet. ref'd) (reviewing docket sheet entries as evidence that trial was reset); *see also Page v. State*, 690 S.W.2d 102, 103 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd) ("The trial docket sheet reflects a long and confusing list of resets. However, appellant and the state are basically in agreement as to the sequence of events prior to August 1, 1983.").

3

December 2013 *pro se* motions. A hearing on the motion to dismiss was held the same day.

At the hearing, defense co-counsel Deborah Summers argued that the passage of time since appellant's May 11, 2011 indictment in the Loma Vista case established a sufficiently prejudicial delay to trigger an analysis addressing whether appellant was denied his right to a speedy trial. *See generally Barker v. Wingo*, 407 U.S. 514, 530 (1972) (court must consider length of delay, reason for the delay, defendant's assertion of the right, and prejudice to the defendant).

The State called Spence Graham to testify at the hearing. Graham became felony chief prosecutor of the 179th District Court in May 2009 and was in charge of handling approximately 30 capital murder cases pending in that court, including appellant's Bunker Hill case.

After reviewing the evidence in the Bunker Hill case — which included evidence of other homicides and aggravated robberies linked to the La Tercera Crips gang — Graham concluded appellant was "worthy of being charged in the Loma Vista capital murder." Graham further testified that a search warrant was issued regarding the Loma Vista investigation, but that Graham held off filing charges against appellant in the Loma Vista case at Fry's request while plea negotiations were ongoing in the Bunker Hill case.[4] Graham testified that he and Fry did not want to jeopardize the potential Bunker Hill plea deal — which involved appellant agreeing to testify for the State in another capital murder case — by indicting appellant in the Loma Vista case.[5] Appellant was indicted in the Loma Vista case after the Bunker Hill plea negotiations broke down. Once the

---

[4] The record does not reflect when the search warrant was issued.

[5] Fry contradicted Graham's testimony at the hearing and denied asking Graham to refrain from filing the Loma Vista charges.

Loma Vista charges were filed and Salhab was appointed to represent appellant in that case, Graham had a lengthy discussion with Salhab "to get him up to speed." Graham further testified that the defense was not yet ready for trial when he left the 179th District Court in December 2011.

At the conclusion of the hearing, the State argued that it had been ready for trial at least since early March 2014. When the trial was set for July 2014, appellant was in quarantine for medical reasons and unable to appear. The State also claimed that Salhab did not want to try the case in July 2014 and had urged the trial court to reset the case. Salhab confirmed that appellant had been in quarantine and was unable to communicate with Salhab during the three weeks preceding the July 2014 trial setting. The trial court denied appellant's motion and trial was set for September 2, 2014.

A four-day trial was held beginning on September 3, 2014. The jury found appellant guilty of capital murder and assessed his punishment at life imprisonment.

## ANALYSIS

### I. Right to a Speedy Trial

In his first issue, appellant contends that his Sixth Amendment right to a speedy trial was violated because he was incarcerated for eight years and nine months without a trial. Appellant argues that the trial court erred in denying his motion to dismiss the case because his right to a speedy trial attached when appellant became an accused. Appellant contends that he became an accused in the Loma Vista case when he was arrested on December 16, 2005.

5

## A. When Did the Appellant Become an Accused?

"[T]he Sixth Amendment speedy trial provision has no application until the putative defendant in some way becomes an 'accused,' . . . ." *United States v. Marion*, 404 U.S. 307, 313 (1971); *see Gonzales v. State*, 435 S.W.3d 801, 808 (Tex. Crim. App. 2014). Generally, a person becomes an accused "once he is arrested or charged." *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008). However, there may be instances where a person may invoke his right to a speedy trial prior to a formal indictment. *See Marion*, 404 U.S. at 320-21. A person must be an accused in the course of the prosecution for which he invokes his speedy trial right. *Marion*, 404 U.S. at 313.

Mere investigation of a crime is insufficient for a person to become an accused for purposes of the speedy trial right. *See Gonzales*, 435 S.W.3d at 812. The State is not required to discover, investigate, or accuse a person within any particular period of time. *Marion*, 404 U.S. at 313. In other words, "[t]here is no Sixth Amendment right to a speedy indictment." *State v. Kuri*, 846 S.W.2d 459, 464 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd), *overruled on other grounds by Johnson v. State*, 954 S.W.2d 770 (Tex. Crim. App. 1997).

Appellant contends he became an accused in the Loma Vista case on December 16, 2005, when he was arrested for an unrelated aggravated assault, because (1) he was questioned by detectives regarding the Loma Vista case on December 16, 2005; (2) a co-defendant who was questioned on December 16, 2005, implicated appellant in the Loma Vista case; and (3) a "search warrant [was] executed in December of 2005 [that] related almost entirely to the facts investigators had uncovered in their investigation of the Loma Vista incident."

Evidence that appellant was questioned about the Loma Vista case, and that a co-defendant implicated appellant in that case, was not presented to the trial court

6

at the speedy trial hearing. Therefore, we cannot consider this evidence in assessing whether the trial court erred in denying appellant's motion at the hearing before trial. *See Hardesty v. State*, 667 S.W.2d 130, 133 n.6 (Tex. Crim. App. 1984) ("When appellate courts are asked to determine whether the trial court erred in overruling a pretrial motion the general rule is that we consider only evidence adduced at hearing on that motion and do not resort to testimony subsequently elicited at trial because the ruling in issue was not based on the latter."). In regard to the search warrant, appellant does not identify the facts investigators "uncovered in their investigation" or explain how these facts establish that appellant became an accused in the Loma Vista case on December 16, 2005.

At the speedy trial hearing, appellant acknowledged that the December 16, 2005 arrest occurred in connection with charges unrelated to the Loma Vista case; no contrary evidence was presented. This record does not establish that appellant became an accused in the Loma Vista case on December 16, 2005. Based on the record before us, we conclude that appellant became an accused in the Loma Vista case when he was indicted in that case on May 11, 2011.

We next address whether the trial court erred in denying appellant's motion to dismiss the Loma Vista case for failure to provide a speedy trial based upon the time that elapsed between the indictment in May 2011 and the trial in September 2014.

### B. Speedy Trial Analysis

To trigger a speedy trial analysis, an accused first must allege that the interval between accusation and trial has crossed the threshold dividing ordinary delay from "presumptively prejudicial" delay. *Doggett v. United States*, 505 U.S. 647, 651-52 (1992). There is no bright-line rule for determining when a delay violates the right to a speedy trial. *Hull v. State*, 699 S.W.2d 220, 221 (Tex. Crim.

7

App. 1985); *Webb v. State*, 36 S.W.3d 164, 172 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). "[T]he length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." *Barker*, 407 U.S. at 530-31. The more serious and complex a crime is, the more tolerable a delay becomes. *Id.* at 531. "In general, delay approaching one year is sufficient to trigger a speedy trial inquiry." *Shaw v. State*, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003); *see Celestine v. State*, 356 S.W.3d 502, 507 (Tex. App.—Houston [14th Dist.] 2009, no pet.). "[T]ime covered by agreed resets is to be excluded from speedy trial consideration." *Celestine*, 356 S.W.3d at 507 (citing *Caicedo v. State*, 769 S.W.2d 597, 598 (Tex. App.—Houston [14th Dist.] 1989, no pet.)); *see also Kuri*, 846 S.W.2d at 463 ("[A]greement to various resets is inconsistent with assertion of a speedy trial right.").

Once the length of the delay passes the required threshold and is determined to be presumptively prejudicial, the court must balance four factors set out in *Barker*, 407 U.S. at 530, to determine whether the right to a speedy trial was violated. *See Doggett*, 505 U.S. at 652. The factors are (1) length of delay; (2) reason for the delay; (3) defendant's assertion of the right; and (4) prejudice to the defendant caused by the delay. *Barker*, 407 U.S. at 530. The *Barker* factors must be considered together, rather than independently, to establish a violation of the right to a speedy trial. *Cantu*, 253 S.W.3d at 281; *State v. Wei*, 447 S.W.3d 549, 553 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd).

The State must justify the length of the delay, while the defendant must establish assertion of the right and prejudice. *Cantu*, 253 S.W.3d at 280. "The defendant's burden of proof on the latter two factors 'varies inversely' with the State's degree of culpability for the delay." *Id.* "In reviewing the trial court's ruling on appellant's federal constitutional speedy trial claim, we apply a

8

bifurcated standard of review: an abuse of discretion standard for the factual components, and a *de novo* standard for the legal components." *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002). All of the evidence must be viewed in the light most favorable to the trial court's ruling. *Cantu*, 253 S.W.3d at 282.

Appellant argues the State failed to provide any direct evidence justifying the delay that occurred between January 2012 and the trial in September 2014. The State counters that "from December 13, 2011[,] until the day of trial, defense counsel had signed agreed resets. Hence these periods should be excluded from speedy trial consideration." Appellant does not dispute the State's assertion regarding the existence of agreed resets; instead, he urges us to disregard our precedent in *Celestine* and *Kuri* and include agreed resets in computing the length of the delay. We reject this invitation because we must follow our precedent absent an intervening decision from a higher court or from this court sitting *en banc*. *Medina v. State*, 411 S.W.3d 15, 20 n.5 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Appellant has identified no such decision that would allow us to depart from *Celestine* or *Kuri*. Accordingly, we exclude time attributed to agreed resets when assessing a speedy trial computation. *See Celestine*, 356 S.W.3d at 507; *Kuri*, 846 S.W.2d at 463.

As for the time period between appellant's indictment on May 11, 2011, and December 13, 2011, the record shows that only approximately two months are not attributable to agreed resets. The Court of Criminal Appeals has previously held that a period of approximately four months "could in no way be construed as 'presumptively prejudicial.'" *Pete v. State*, 501 S.W.2d 683, 687 (Tex. Crim. App. 1973). Accordingly, a two-month delay is insufficient to trigger a speedy trial analysis.

9

Moreover, even if we were to consider the State's apparent concession that the period between May 11, 2011, and December 13, 2011, was not covered by agreed resets, such delay would amount to approximately seven months.[6] A delay of seven months would not be considered presumptively prejudicial in light of this case's complexity. *See State v. Thomas*, 453 S.W.3d 1, 5 (Tex. App.—Dallas 2014, no pet.) (mem. op.) (seven-month delay was not presumptively prejudicial); *see also State v. Jones*, Nos. 05-05-00154-CR & 05-05-00155-CR, 2005 WL 2841210, at *1 (Tex. App.—Dallas Oct. 31, 2005, pet. ref'd) (not designated for publication) (same); *Rountree v. State*, No. 01-90-00382-CR, 1991 WL 84056, at *3 (Tex. App.—Houston [1st Dist.] May 23, 1991, no pet.) (not designated for publication) (same); *but see State v. Owens*, 778 S.W.2d 135, 138 (Tex. App.—Houston [1st Dist.] 1989, pet. ref'd) (seven-month delay was presumptively prejudicial for an ordinary street crime), *overruled on other grounds by Johnson v. State*, 954 S.W.2d 770 (Tex. Crim. App. 1997).

Because the length of delay in this case is not a presumptively prejudicial delay, we need not conduct a *Barker* analysis. We conclude that appellant's right to a speedy trial was not violated. We overrule appellant's first issue.

## II.    Admission of Evidence

Appellant contends in his second issue that the trial court erred in admitting into evidence a photograph of appellant wearing a blue bandana and holding two shotguns while allegedly displaying a gang tattoo and a gang sign. Appellant

---

[6] This apparent concession by the State may simply be a misstatement. The State contends that "[f]rom December 13, 2011 on, defense counsel had signed agreed resets, right up until the day of the speedy trial hearing," and that "[t]he instant case shows that from December 13, 2011 until the day of trial, defense counsel had signed agreed resets." However, the State then cites to a number of agreed resets in the record in support of that contention, including five agreed resets covering the majority of the period between June 14, 2011, and December 13, 2011.

argues that the photograph was prejudicial and added no probative value to the State's argument.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403, 60 Tex. B.J. 1134 (1998, superseded 2015).[7] We review the trial court's decision to admit or exclude evidence under Texas Rule of Evidence 403 for an abuse of discretion. *Rodriguez v. State*, 203 S.W.3d 837, 841 (Tex. Crim. App. 2006); *Burton v. State*, 230 S.W.3d 846, 849 (Tex. App.—Houston [14th Dist.] 2007, no pet.). The admissibility of a photograph rests within the trial court's sound discretion and is based on a determination of whether the exhibit serves a proper purpose in assisting the factfinder. *Ramirez v. State*, 815 S.W.2d 636, 646-47 (Tex. Crim. App. 1991). An abuse of discretion occurs when the photograph has little probative value and great inflammatory potential. *Id.* at 647. The trial court is usually in the best position to determine whether evidence should be admitted or excluded. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). Unless the trial court's determination is so clearly wrong as to lie outside the zone within which reasonable persons might disagree, we must uphold its ruling. *Id.*; *Hartis v. State*, 183 S.W.3d 793, 801-02 (Tex. App.—Houston [14th Dist.] 2005, no pet.). The balance between probative value and the potential for prejudice "is always slanted toward admission, not exclusion, of otherwise relevant evidence." *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009).

---

[7] The Texas Court of Criminal Appeals adopted revisions to the Texas Rules of Evidence, except as to Rules 511 and 613, effective April 1, 2015. *See* Final Approval of Amendments to the Texas Rules of Evidence, Misc. Docket No. 15-001 (Tex. Crim. App. Mar. 12, 2015). We cite to the previous version of Rule 403 because appellant's trial occurred in 2014, before the effective date of the amendments.

Additionally, a Rule 403 analysis must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006).

The indictment charges appellant with intentionally and knowingly causing the death of Daniel Zamora by shooting Zamora with a deadly weapon, namely a firearm, while in the course of committing and attempting to commit the robbery of Guadalupe Sepulveda. The record shows that the cause of Zamora's death was a shotgun wound and gunshot wounds to the torso and thigh. Sepulveda testified that one of the individuals who robbed him had a camouflage-patterned shotgun.

On direct examination, appellant's wife Yeni Rivas was shown two photographs, State's Exhibits 30 and 35. State's Exhibit 35 is a photograph date-stamped June 25, 2005, showing a group of men including appellant holding guns; some of the men depicted in State's Exhibit 35 display what appear to be gang signs. The photograph was not offered into evidence or shown to the jury. Exhibit 30 is a cropped version of Exhibit 35 depicting only appellant wearing a blue bandana and holding two shotguns. Rivas testified as follows:

> [THE STATE:] I want to show you what I've marked for identification as State's Exhibit 35. Do you recognize the individuals in this photograph?
>
> [RIVAS:] Yes, ma'am.

12

[THE STATE:]   Is the defendant one of the individuals in this photograph?

[RIVAS:]  Yes, ma'am.

[THE STATE:]  On the date that this photograph was taken, were you at this location with the four people that are depicted in this photograph?

[RIVAS:]  Yes, ma'am.

＊          ＊          ＊

[THE STATE:]   And showing you what's been marked for identification purposes as State's Exhibit 30, is that a portion of that photograph?

[RIVAS:]  Yes, ma'am.

[THE STATE:]   And who is the individual depicted in that photograph?

[RIVAS:]  That's [appellant].

[THE STATE:]   Were you there then when that photograph was taken?

[RIVAS:]  Yes, ma'am.

[THE STATE:]  And the date of June 25th of 2005, does that date appear to be accurate to you as well, based on your memory of having been there?

[RIVAS:]  Yes, ma'am.

State's Exhibit 30 was not offered into evidence at that time.

On cross-examination, Rivas testified that she had not seen appellant with a shotgun around the time of the Loma Vista murder.  On redirect examination, Rivas testified:

[THE STATE:] You were asked on cross-examination whether you had ever seen the defendant with a shotgun before. I want to show you the photos again that I showed you yesterday, State's Exhibit 35, and then a portion of State's Exhibit 35 marked for identification as State's Exhibit 30. I believe you stated you were there at the time this photo was taken?

[RIVAS:] Yes, ma'am.

[THE STATE:] Now, was Alejandro Garcia at this location where this photo was taken at the time it was taken?

[RIVAS:] No, ma'am.

[THE STATE:] And I believe you stated yesterday that this was in fact [appellant] depicted here in the photograph?

[RIVAS:] Yes, ma'am.

[THE STATE:] And is that a fair picture? Is that what he was doing on that date, June 25th of 2005, when you were there at that location?

[RIVAS:] Yes, ma'am.

The State then offered State's Exhibit 30 into evidence over the defense's objection. In a bench conference outside the presence of a jury, the State argued that "the door was open[ed] when defense counsel asked [Rivas] if she had ever seen the defendant with a shotgun and she said that she had not." The trial court overruled the objection and admitted State's Exhibit 30 into evidence.

Appellant argues that State's Exhibit 30 lacked probative value because (1) the photograph was needlessly cumulative of Rivas's testimony that she remembered appellant in a photograph holding shotguns, and (2) the State put forth other evidence at trial that appellant had access to a camouflage-patterned shotgun like the one seen by Sepulveda at the time of the murder, and the photograph therefore was needlessly cumulative without direct evidence that the shotgun in the photograph was the same shotgun used to kill Zamora.

14

Appellant argues that the photograph added no probative value because "Rivas had already stated in front of the jury that she remembered that [a]ppellant had taken a picture holding shotguns in 2005." However, contrary to appellant's assertion, Rivas was asked only to identify who was in the picture — she was not asked what the person in the picture was doing or holding. In any event, photographs are generally relevant and admissible if verbal testimony as to the contents of the photograph is also admissible. *Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997). This photograph was probative to clarify Rivas's testimony, which was muddied when Rivas testified on cross-examination that she had not seen appellant with a shotgun around the time of the Loma Vista murder. *See Cantu v. State*, 994 S.W.2d 721, 732 (Tex. App.—Austin 1999, pet. dism'd) ("The trial court may have determined that the [autopsy] pictures were probative to clarify the medical examiner's testimony."). The jury was not aware that Rivas's testimony contradicted what she saw the day before because the photographs had not been introduced or described. Introducing State's Exhibit 30 provided the jury context and clarified that Rivas had in fact seen appellant previously with a shotgun. The State took steps to eliminate any prejudicial effect from poses struck by others shown in State's Exhibit 35 by cropping State's Exhibit 30 so that only appellant was depicted.

Additionally, State's Exhibit 30 was relevant to corroborate Sepulveda's testimony that one of the assailants had a camouflage-patterned shotgun, and to provide evidence that appellant had access to a shotgun matching that description before the murder.

Appellant argues that State's Exhibit 30's prejudicial effect outweighed any probative value because it shows appellant wearing a blue bandana, exhibiting an alleged gang sign with his hands, and displaying a pitchfork tattoo, all signs of

15

gang membership. In analyzing the photograph, appellant's tattoo is too blurry to discern, which the trial court noted. In comparison to the other individuals in State's Exhibit 35, appellant's hands as shown in State's Exhibit 30 do not exhibit the same signal and do not appear to do anything more than hold two shotguns. Lastly, the presence of a blue bandana alone is not sufficiently prejudicial to outweigh the photograph's probative value.

The trial court's determination is not so clearly wrong as to lie outside the zone within which reasonable persons might disagree. Thus, we conclude that the trial court did not abuse its discretion by admitting State's Exhibit 30 into evidence. We overrule appellant's second issue.

## CONCLUSION

Having overruled both of appellant's issues, we affirm the trial court's judgment.


/s/   William J. Boyce
Justice


Panel consists of Justices Boyce, McCally, and Donovan.
Publish — Tex. R. App. P. 47.2(b).

# APPENDIX TWO
# CASE RESET FORMS
# CLERK'S RECORD

CAUSE NO. __1305940__          CHARGE __CAP MURDER__

THE STATE OF TEXAS

__179__ DISTRICT COURT

VS.

OF HARRIS COUNTY, TEXAS.

__LOPEZ, EFRAIN__
Defendant

## AGREED SETTING

The undersigned Counsel hereby agrees this case is reset for

__NON-TRIAL__ to __7-20-2011__
(Type of Setting)                    (Date)

_____
Attorney for the State

_____
Defendant

J. Salhab
(Print) Attorney for Defendant

_____
(Signature) Attorney for Defendant

_____
(Street Address)

**FILED**
Chris Daniel
District Clerk

JUN 4 2011
JUN 4 2011
Harris County, Texas
Time: _____
By _____ Deputy

(City)          (State)          (Zip)

__7-528-1005__
(Phone Number)

__1253300__
(Bar Card/SPN Number)

**APPROVED BY THE COURT:**

_____
Judge Presiding

__6-14-11__
Date

13

CAUSE NO. 1305940   CHARGE Cap Murder

THE STATE OF TEXAS

_171_ DISTRICT COURT

OF HARRIS COUNTY, TEXAS.

VS.

_Efrain Lopez_
Defendant

**AGREED SETTING**

The undersigned Counsel hereby agrees this case is reset for

_Non-Trial_ to _August 18, 2011_
(Type of Setting)                    (Date)

_ABH_
Attorney for the State
for S. Graham

_____
Defendant

_J. Sullivan_
(Print) Attorney for Defendant

_____
(Signature) Attorney for Defendant

_____
(Street Address)

_____
(City)        (State)        (Zip)

_____
(Phone Number)

_1753230_
(Bar Card/SPN Number)

**APPROVED BY THE COURT:**

_____
Judge Presiding

7·20·11
Date

**FILED**
Chris Daniel
District Clerk

JUL 2 0 2011

Time: _____
Harris County, Texas
By _____
Deputy

14

DISTRICT CLERK

CAUSE NO. 1305940          CHARGE CAPITAL MURDER

THE STATE OF TEXAS                    179 DISTRICT COURT

VS.                                   OF HARRIS COUNTY, TEXAS.

LOPEZ, EFRAIN
_____
Defendant

## AGREED SETTING

The undersigned Counsel hereby agrees this case is reset for

NON-TRIAL                    to    9-27-2011
(Type of Setting)                    (Date)

_____       _____
Attorney for the State              Defendant

                              Joseph Salhab
DISCOVERY                     (Print) Attorney for Defendant
NEEDED
                              _____
                              (Signature) Attorney for Defendant

                              _____
                              (Street Address)

                              _____
                              (City)      (State)      (Zip)

                              _____
                              (Phone Number)

                              175-32300
                              (Bar Card/SPN Number)

APPROVED BY THE COURT:

_____       **FILED**
Judge Presiding               Chris Daniel
                              District Clerk
9-07-11
_____       SEP - 7 2011
Date                          SEP 7 2011

                              Time: _____
                              Harris County, Texas

                              By _____
                                    Deputy

                                                    15

DISTRICT CLERK

CAUSE NO. 1305940         CHARGE CAPTAL MURDER

THE STATE OF TEXAS

179 DISTRICT COURT

VS.

OF HARRIS COUNTY, TEXAS.

LOPEZ, EFRAIN
Defendant

## AGREED SETTING

The undersigned Counsel hereby agrees this case is reset for

NTRL                                    to    11-3-2011
(Type of Setting)                                (Date)

_____
Attorney for the State

_____
Defendant

Joseph Salhab
(Print) Attorney for Defendant

_____
(Signature) Attorney for Defendant

_____
(Street Address)

_____
(City)          (State)          (Zip)

7-5284005
(Phone Number)

1753300
(Bar Card/SPN Number)

APPROVED BY THE COURT:

_____
Judge Presiding

9-27-11
Date

**FILED**
Chris Daniel
District Clerk

SEP 27 2011

Time: SEP 27 2011
Harris County, Texas

By _____
Deputy

16

DISTRICT CLERK

CAUSE NO. 1305940   CHARGE CAPITAL MURDER

THE STATE OF TEXAS

179 DISTRICT COURT

VS.

OF HARRIS COUNTY, TEXAS.

LOPEZ, EFRAIN
Defendant

## AGREED SETTING

The undersigned Counsel hereby agrees this case is reset for

NTRL
(Type of Setting)   to   12-13-2011
(Date)

Attorney for the State

Defendant

Joseph Salhab
(Print) Attorney for Defendant

(Signature) Attorney for Defendant

2028 Buffalo R
(Street Address)

Hou    77019
(City)    (State)    (Zip)

(Phone Number)

1753300
(Bar Card/SPN Number)

**APPROVED BY THE COURT:**

Judge Presiding

11-09-11
Date

**FILED**
Chris Daniel
District Clerk

NOV 9 2011

Time: _____
Harris County, Texas
By _____
Deputy

17

DISTRICT CLERK

( )

CAUSE NO. 1305940     CHARGE CAP MURDER

THE STATE OF TEXAS     179 DISTRICT COURT

VS.     OF HARRIS COUNTY, TEXAS.

LOPEZ, EFRAIN
_____
Defendant

## AGREED SETTING

The undersigned Counsel hereby agrees this case is reset for

PTM O _____ to 2-23-2012
(Type of Setting)     (Date)

_____
Attorney for the State

_____
Defendant

J. Salhab
(Print) Attorney for Defendant

_____
(Signature) Attorney for Defendant

_____
(Street Address)

_____
(City)     (State)     (Zip)

_____
(Phone Number)

1753230
(Bar Card/SPN Number)

**APPROVED BY THE COURT:**

_____
Judge Presiding

12-13-11
Date

**FILED**
Chris Daniel
District Clerk

DEC 13 2011

Time: _____
Harris County, Texas
By _____
Deputy

18

DISTRICT CLERK

CAUSE NO. 1305940  CHARGE Cap murder

THE STATE OF TEXAS

VS.

179 DISTRICT COURT

OF HARRIS COUNTY, TEXAS.

Efrain Lopez
Defendant

## AGREED SETTING

The undersigned Counsel hereby agrees this case is reset for

DISP
(Type of Setting)

to

4-11-2012
(Date)

_____
Attorney for the State

_____
Defendant

Joseph Salhab
(Print) Attorney for Defendant

_____
(Signature) Attorney for Defendant

**FILED**
Chris Daniel
District Clerk

FEB 23 2012

Time: _____
Harris County, Texas

By _____
Deputy

_____
(Street Address)

_____
(City)          (State)          (Zip)

_____
(Phone Number)

1753230
(Bar Card/SPN Number)

**APPROVED BY THE COURT:**

_____
Judge Presiding

2-23-12

Date

19

DISTRICT CLERK

CAUSE NO. _1305940_   CHARGE _CAP MURDER_

THE STATE OF TEXAS

_179_ DISTRICT COURT

VS.

OF HARRIS COUNTY, TEXAS.

_LOPEZ, EFRAIN_
Defendant

## AGREED SETTING

The undersigned Counsel hereby agrees this case is reset for

_DISP_          to          _6·14·2012_
(Type of Setting)                    (Date)

_____
Attorney for the State

_____
Defendant

_J. Salhab_
(Print) Attorney for Defendant

_____
(Signature) Attorney for Defendant

_____
(Street Address)

_Hou    TX    77019_
(City)    (State)    (Zip)

_7-528-1005_
(Phone Number)

_1753230d_
(Bar Card/SPN Number)

**FILED**
Chris Daniel
District Clerk
APR 11 2012
APR 11 2012
Time: ___ Harris County, Texas
Deputy
BY

APPROVED BY THE COURT:

_____
Judge Presiding

_4-11-12_
Date

**FILED**
Chris Daniel
District Clerk
APR 11 2012
Time: ___ Harris County, Texas
Deputy

20

DISTRICT CLERK ___

CAUSE NO. _1305-940_  CHARGE _Cap murder_

THE STATE OF TEXAS

_179_ DISTRICT COURT

VS.

OF HARRIS COUNTY, TEXAS.

_Efrain Lopez_
Defendant

## AGREED SETTING

The undersigned Counsel hereby agrees this case is reset for

_Disp_ to _12-18-12_
(Type of Setting)           (Date)

_____
Attorney for the State

_____
Defendant

_J. Salhab_
(Print) Attorney for Defendant

_____
(Signature) Attorney for Defendant

_2028 Buffalo Tr._
(Street Address)

_Hou    TX    7705_
(City)    (State)    (Zip)

_7-528-700_
(Phone Number)

_753230_
(Bar Card/SPN Number)

**APPROVED BY THE COURT:**

_____
Judge Presiding

_6-14-12_
Date

**FILED**
Chris Daniel
District Clerk

JUN 14 2012

Time: _____
Harris County, Texas
By _____
Deputy

21

DISTRICT CLERK

CAUSE NO. _1050629_

THE STATE OF TEXAS _1305940_ §

VS. §

_ESTAIN LOPEZ_ §
Defendant

CHARGE _Capital Murder_

_179th_ DISTRICT COURT _Capital Murder_

OF

HARRIS COUNTY, TEXAS

## CASE RESET FORM

The undersigned Counsel hereby agrees this case is reset for

_____ _DISP_ _____ on _____ 01-24-13 _____ at _9:00_ a.m.

Type of Setting

_____
Attorney for the State

☐ The State has offered:

☐ The State and Defense agree as follows:

_Chief out_

**FILED**
Chris Daniel
District Clerk

Time: _____ DEC 1 8 2012
By _____ Harris County, Texas
Interpreter Requested: Yes or No
Deputy
Language: _____

For: _____ Defendant _____ Witness
Estimated Length of Assignment: _____

_____
Defendant

_Gerald Fry_
(Print) Attorney for Defendant

_Gerald Fry_
(Signature) Attorney for Defendant

_801 Congress St., Suite 350_
Address

_Houston, TX_ _77002_
City / State     Zip

_07493800_ _57493800_
Attorney Bar #     Attorney SPN #

_713-222-0860_ _713-224-3111_
Phone Number     Fax Number

_Jerry Fry @ HAI-pc.org_
Email Address

---

**FOR COURT STAFF USE ONLY**
Reset by ☐ Court ☐ Defense ☐ Operation of Law ☐ Prosecution

☐ Attorney not present
☐ D.A. to contact complainant/witness
☐ D.A. to evaluate case
☐ D.A. to Reindict
☐ D.A. to file MAJ/MRP
☐ Defense to contact witness

☐ Defendant has new case
☐ Defendant on call
☐ Defendant to consider offer
☐ Disposition of misd./OOC case
☐ File Unavailable
☐ MHMRA Evaluation
_____ 21 Day _____ Full

☐ No Tape/Lab _____
☐ Not indicted
☐ Other _____
☐ Refer to _____
☐ Restitution Info
☐ To hire Attorney

**APPROVED BY THE COURT:**

_____
Judge/Coordinator

_12-18-12_
Date Signed

5/2/321

1305940

CAUSE NO. _1050629_

THE STATE OF TEXAS                    §

VS.                                   §

_ESTAIN LOPEZ_                        §
Defendant

CHARGE _Capital Murder_

_179th_ DISTRICT COURT

OF

HARRIS COUNTY, TEXAS

FILED
Chris Daniel
District Clerk
SEP 06 2013
By _____
Harris County, Texas
Deputy

## CASE RESET FORM

The undersigned Counsel hereby agrees this case is reset for

_DISP_                on _2-05-2014_ at _9_ a.m.
Type of Setting

_Scott Bennett_
Attorney for the State

☐ The State has offered:

☐ The State and Defense agree as follows:

_____
Defendant

_Gerald Fry_
(Print) Attorney for Defendant

_Gerald Fry_
(Signature) Attorney for Defendant

_801 Congress #30_
Address

_Hou, TX          77002_
City          State          Zip

_0749380J_          _5749380J_
Attorney Bar #      Attorney SPN #

_713-222-0860_      _713-224-3111_
Phone Number        Fax Number

Interpreter Requested:     Yes or No
Language: _____

For: _____ Defendant _____ Witness
Estimated Length of Assignment: _____

_Jerry Fry@hcb-pc.org_
Email Address

FOR COURT STAFF USE ONLY
Reset by  ☑ Court   ☑ Defense   ☐ Operation of Law   ☑ Prosecution

☐ Attorney not present
☐ D.A. to contact complainant/witness
☐ D.A. to evaluate case
☐ D.A. to Reindict
☐ D.A. to file MAJ/MRP
☐ Defense to contact witness

☐ Defendant has new case
☐ Defendant on call
☐ Defendant to consider offer
☐ Disposition of misd./OOC case
☐ File Unavailable
☐ MHMRA Evaluation
    ____21 Day ____Full

☐ No Tape/Lab _____
☐ Not indicted
☐ Other_____
☐ Refer to _____
☐ Restitution Info
☐ To hire Attorney

APPROVED BY THE COURT:

_____          _9-06-13_
Judge/Coordinator                  Date Signed

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

5/2/12  52

DISTRICT CLERK

CAUSE NO. 1305940     CHARGE Cap. Murder

THE STATE OF TEXAS           §        17 DISTRICT COURT

VS.                          §        OF

Efrain Lopez               §        HARRIS COUNTY, TEXAS
Defendant

## CASE RESET FORM

The undersigned Counsel hereby agrees this case is reset for

DISP _____ on 3-12-14 at 9 a.m.
Type of Setting

_____        _____
Attorney for the State          Defendant

☐ The State has offered:        Joseph Salhab
                                (Print) Attorney for Defendant

                                _____
☐ The State and Defense agree as follows:    (Signature) Attorney for Defendant

DC in trial as            _____
                          Address
well as state

                          City        State        Zip
                          75 32300

                          Attorney Bar #        Attorney SPN #
                          7-528 1005

Interpreter Requested:   Yes or No
Language: _____        Phone Number        Fax Number
                                josephsalhab@mindspring
For: _____ Defendant _____ Witness    .com
Estimated Length of Assignment: _____    Email Address

FOR COURT STAFF USE ONLY
Reset by  ☐ Court  ☒ Defense    ☐ Operation of Law    ☐ Prosecution

☐ Attorney not present          ☐ Defendant has new case       ☐ No Tape/Lab _____
☐ D.A. to contact complainant/witness  ☐ Defendant on call      ☐ Not indicted
☐ D.A. to evaluate case          ☐ Defendant to consider offer  ☐ Other_____
☐ D.A. to Reindict               ☐ Disposition of misd./OOC case ☐ Refer to _____
☐ D.A. to file MAJ/MRP           ☐ File Unavailable              ☐ Restitution Info
☐ Defense to contact witness     ☐ MHMRA Evaluation             ☐ To hire Attorney **FILED**
                                 ___ 21 Day ___ Full                          Chris Daniel
                                                                             District Clerk

APPROVED BY THE COURT:                                          FEB 05 2014
_____        2-05-14                          Time:_____
Judge/Coordinator              Date Signed                      Harris County, Texas
                                                               By_____
                                                                        56

DISTRICT CLERK

CAUSE NO. 1305940          CHARGE Cop Murder

THE STATE OF TEXAS          §          179 DISTRICT COURT

VS.                        §          OF

EFRAIN Lopez          §          HARRIS COUNTY, TEXAS
Defendant

## CASE RESET FORM

The undersigned Counsel hereby agrees this case is reset for          (4-1)

_____Disp_____ on ___4-1-14___ at 9 a.m.
Type of Setting

_____CEB_____
Attorney for the State          Defendant

☐ The State has offered:          Joseph Salhab
                                 (Print) Attorney for Defendant

☐ The State and Defense agree as follows:
                                 (Signature) Attorney for Defendant

                                 2028 Buffalo TC
                                 Address

                                 Hou TX 77017
                                 City          State          Zip

                                 753 2300
                                 Attorney Bar #          Attorney SPN #

Interpreter Requested:     Yes or No          7-528-1005    7-528-2424
Language: _____          Phone Number          Fax Number

For: _____Defendant _____Witness          _____
Estimated Length of Assignment: _____          Email Address

---

FOR COURT STAFF USE ONLY
Reset by  ☐ Court   ☐ Defense   ☐ Operation of Law   ☐ Prosecution

☐ Attorney not present          ☐ Defendant has new case          ☐ No Tape/Lab
☐ D.A. to contact complainant/witness   ☐ Defendant on call       ☐ Not Indicted
☐ D.A. to evaluate case          ☐ Defendant to consider offer     ☐ Other District Clerk
☐ D.A. to Reindict          ☐ Disposition of misd./OOC case          ☐ Refer MAR 12 2014
☐ D.A. to file MAJ/MRP          ☐ File Unavailable          Time Restitution Info
☐ Defense to contact witness          ☐ MHMRA Evaluation          ☐ To hire Attorney
                                 ____21 Day ____Full

FILED
Chris Daniel
District Clerk
MAR 12 2014
Harris County, Texas
By _____ Deputy

APPROVED BY THE COURT:

_____          _____
Judge/Coordinator          Date Signed

5/2/12

57

DISTRICT CLERK

CAUSE NO. 1305940      CHARGE CAPITAL MURDER

THE STATE OF TEXAS              §         179 DISTRICT COURT

VS.                            §         OF

LOPEZ EFRAIN                   §         HARRIS COUNTY, TEXAS
Defendant

## CASE RESET FORM

The undersigned Counsel hereby agrees this case is reset for

PTCR / JTRL _____ on 5.21.14 / 9.05.14 ____ at 9 a.m.
Type of Setting

_____          _____
Attorney for the State                Defendant

☐ The State has offered:              Joseph Salhab
                                      (Print) Attorney for Defendant

☐ The State and Defense agree as follows:   _____
                                             (Signature) Attorney for Defendant

DA: TRACI BENNETT                     20028 Buffalo Torrace
                                      Address
                                      Hou TX 77018
                                      City        State      Zip
                                      1753 2300
                                      Attorney Bar #        Attorney SPN #
                                      7-528 1005
Interpreter Requested:   Yes or No    Phone Number        Fax Number
Language: _____

For: _____ Defendant _____ Witness   _____
Estimated Length of Assignment: _____   Email Address

---

**FOR COURT STAFF USE ONLY**
Reset by ☑ Court    ☐ Defense    ☐ Operation of Law    ☐ Prosecution

☐ Attorney not present        ☐ Defendant has new case       ☐ No Tape/Lab _____
☐ D.A. to contact complainant/witness  ☐ Defendant on call    ☐ Not indicted
☐ D.A. to evaluate case       ☐ Defendant to consider offer   ☐ Other _____
☐ D.A. to Reindict            ☐ Disposition of misd./OOC case ☐ Refer to _____
☐ D.A. to file MAJ/MRP        ☐ File Unavailable              ☐ Restitution Info
☐ Defense to contact witness  ☐ MHMRA Evaluation              ☐ To hire Attorney
                               _____ 21 Day _____ Full

FILED
Chris Daniel
District Clerk
Time: APR 0 2 2014
By
Harris County, Texas
Deputy

APPROVED BY THE COURT:

_____          4-01-14
Judge/Coordinator                     Date Signed

5/2/12

97

**DISTRICT CLERK**

CAUSE NO. *1050629*

THE STATE OF TEXAS *1305940* §

VS. *Efrain Lopez* §

§

*Defendant*

CHARGE *Cap. Murder*

*179* DISTRICT COURT

OF *20th Floor*

HARRIS COUNTY, TEXAS

## CASE RESET FORM

The undersigned Counsel hereby agrees this case is reset for

*Jury Trial* — on *7-21-14* at _____ a.m.

Type of Setting

_____
Attorney for the State

☐ The State has offered:

☐ The State and Defense agree as follows:

**FILED**
Chris Daniel
District Clerk

MAY 06 2014

Time:_____
Harris County, Texas

By_____
Deputy

Interpreter Requested: Yes or No

Language: _____

For: _____ Defendant _____ Witness

Estimated Length of Assignment: _____

Defendant

*Joseph Salhab*
(Print) Attorney for Defendant

_____
(Signature) Attorney for Defendant

*2028 Buffalo Te.*
Address

*Hou X 77019*
City          State          Zip

*753 2300*
Attorney Bar #          Attorney SPN #

*7-5281005*
Phone Number          Fax Number

_____
Email Address

---

FOR COURT STAFF USE ONLY

Reset by ☐ Court ☐ Defense ☐ Operation of Law ☐ Prosecution

☐ Attorney not present
☐ D.A. to contact complainant/witness
☐ D.A. to evaluate case
☐ D.A. to Reindict
☐ D.A. to file MAJ/MRP
☐ Defense to contact witness

☐ Defendant has new case
☐ Defendant on call
☐ Defendant to consider offer
☐ Disposition of misd./OOC case
☐ File Unavailable
☐ MHMRA Evaluation
_____ 21 Day _____ Full

☐ No Tape/Lab _____
☐ Not indicted
☐ Other_____
☐ Refer to _____
☐ Restitution Info
☐ To hire Attorney

APPROVED BY THE COURT:

*V. Peng*
~~Judge~~/Coordinator

*5-6-14*
Date Signed

5/2/12

98

DISTRICT CLERK

CAUSE NO. 1305940                CHARGE _Capital Murder_

THE STATE OF TEXAS          §        179 DISTRICT COURT

VS.                         §        OF

_Lopez, Efrain_             §        HARRIS COUNTY, TEXAS
Defendant

## CASE RESET FORM

The undersigned Counsel hereby agrees this case is reset for

_JTRL_ _____ on ___7-21-14 -IA___ at _9:W_ a.m.
Type of Setting   _DISP_                    _6-5-14_

~~Attorney for the State~~          ~~Defendant~~

☐ The State has offered:          _Joseph Salhab_
                                  (Print) Attorney for Defendant

☐ The State and Defense agree as follows:   _____
                                  (Signature) Attorney for Defendant

                                  _2028 Buffalo Tq_
                                  Address

**FILED**                         _Htrn N . 77015_
Chris Daniel                      City      State      Zip
District Clerk
                                  _1753200_
MAY 28 2014                       Attorney Bar #      Attorney SPN #
Time: 28
Interpreter Requested: Yes or No  _7528/005_
Harris County, Texas
Language By_____ Deputy        Phone Number      Fax Number

For: _____Defendant _____Witness  _____
Estimated Length of Assignment: _____   Email Address

---

FOR COURT STAFF USE ONLY
Reset by  ☐ Court      ☐ Defense      ☐ Operation of Law      ☐ Prosecution

☐ Attorney not present          ☐ Defendant has new case      ☐ No Tape/Lab _____
☐ D.A. to contact complainant/witness  ☐ Defendant on call      ☐ Not indicted
☐ D.A. to evaluate case          ☐ Defendant to consider offer  ☐ Other_____
☐ D.A. to Reindict               ☐ Disposition of misd./OOC case ☐ Refer to _____
☐ D.A. to file MAJ/MRP           ☐ File Unavailable             ☐ Restitution Info
☐ Defense to contact witness     ☐ MHMRA Evaluation             ☐ To hire Attorney
                                    ___21 Day ___Full

APPROVED BY THE COURT:

_____                _5/28/14_
Judge/Coordinator                Date Signed

                                                    5/2/12

                                                    108

DISTRICT CLERK

105O627

CAUSE NO. 1428270

THE STATE OF TEXAS

VS.

LOPEZ EFRAIN
Defendant

(OFF DOCKET) CHARGE Cap Murder

§     179 DISTRICT COURT

§         OF

§     HARRIS COUNTY, TEXAS

## CASE RESET FORM

The undersigned Counsel hereby agrees this case is reset for

JTRL on 8-29-14 at 9 a.m.

Type of Setting

_____
Attorney for the State

☐ The State has offered:

☐ The State and Defense agree as follows:

FROM 7-21-14 (CAPITAL
IMPACT DOCKET)

Δ IN CUSTODY

Defendant

Joseph Salhab
(Print) Attorney for Defendant

_____
(Signature) Attorney for Defendant

_____
Address

City          State          Zip
1753230
Attorney Bar #          Attorney SPN #

_____    _____
Phone Number          Fax Number

_____
Email Address

Interpreter Requested:    Yes or No
Language: _____

For: _____ Defendant _____ Witness
Estimated Length of Assignment: _____

**FOR COURT STAFF USE ONLY**
Reset by  ☑ Court  ☑ Defense  ☐ Operation of Law  ☑ Prosecution

☐ Attorney not present
☐ D.A. to contact complainant/witness
☐ D.A. to evaluate case
☐ D.A. to Reindict
☐ D.A. to file MAJ/MRP
☐ Defense to contact witness

☐ Defendant has new case
☐ Defendant on call
☐ Defendant to consider offer
☐ Disposition of misd./OOC case
☐ File Unavailable
☐ MHMRA Evaluation
    ____ 21 Day ____ Full

☐ No Tape/Lab _____
☐ Not indicted
☐ Other_____
☐ Refer to
☐ Restitution Hrg
☐ To hire Attorney

**FILED**
Chris Daniel
District Clerk
JUN 30 2014
Harris County, Texas
_____ Deputy

APPROVED BY THE COURT:

_____
Judge/Coordinator

6-30-14
Date Signed

5/2/12

616

DISTRICT CLERK